JAYE G. HEYBL (CA Bar No. 167110)
COREY A. DONALDSON (CA Bar No. 280383)
JESSICA M. WAN (CA Bar No. 316389)
**FERGUSON CASE ORR PATERSON LLP**
1050 South Kimball Road
Ventura, California 93004
Telephone: 805-659-6800
Facsimile: 805-659-6818
E-mail: jheybl@fcoplaw.com
cdonaldson@fcoplaw.com
jwan@fcoplaw.com

Attorneys for Plaintiff CASTORO CELLARS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| CASTORO CELLARS, a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MAKER WINE COMPANY, a Delaware Corporation; DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. _2:22-cv-2193<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>1) **TRADEMARK INFRINGEMENT [15 U.S.C. § 1114];**<br>2) **FEDERAL UNFAIR COMPETITION [15 U.S.C. § 1125(a)]; and**<br>3) **CALIFORNIA UNFAIR COMPETITION [Cal. Bus. & Prof. Code §§ 17200 *et seq.*]**<br><br>**DEMAND FOR JURY TRIAL** |

1

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

Plaintiff CASTORO CELLARS ("Castoro" or "Plaintiff") brings this action seeking injunctive relief and damages in order to protect and enforce its rights in the federally registered trademark DAM FINE WINE and related trademarks, against knowing and willful infringement by Defendants MAKER WINE COMPANY ("MWC" or "Defendant") and DOES 1 through 10, inclusive. Castoro alleges as follows:

## PARTIES

1.    Castoro is, and was at all times mentioned in this Complaint, a corporation duly organized and existing under the laws of the State of California since at least as early as 1987, with a registered address of 787 Cobble Creek Way, Templeton, California 93465.

2.    On information and belief, Defendant is, and was at all times mentioned in this Complaint, a company founded in or about 2019, duly organized and existing under the laws of the State of Delaware, with a registered address of 11 Edwards Avenue, Sausalito, California 94965.

3.    Castoro does not know the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants named herein as DOES 1 through 10, inclusive. Castoro therefore sues them by use of fictitious names. Castoro is informed and believes that Doe Defendants 1 through 10 are affiliated in some manner with Defendant and have direct, contributory, or vicarious responsibility for the wrongful acts as alleged herein. Castoro will amend this Complaint appropriately once the true names and capacities of Doe Defendants 1 through 10 are learned. As used below, the term "Defendants" shall collectively refer to the named defendant MWC together with the defendants identified as DOES 1 through 10.

4.    On information and belief, at all times herein mentioned, each of the Defendants was the agent of each of the remaining Defendants, and in doing the things alleged herein, was acting within the scope of such agency. On information and belief, the conduct of each of the Defendants as alleged herein was ratified by each of the other Defendants, and the benefits thereof were accepted by each of the other Defendants.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

5.      On information and belief, each of the Defendants induced the other Defendants to infringe upon Castoro's rights, participated in, and enabled the other Defendants to engage in the unlawful conduct herein alleged, or supervised that conduct, with knowledge that the conduct of other Defendants would infringe upon Castoro's rights in the trademarks defined below, and constitute unfair competition and false and deceptive actions.  Therefore each of the Defendants is jointly and severally liable as a contributory or vicarious infringer of Castoro's rights.

## JURISDICTION AND VENUE

6.      This action arises under the Lanham Act.  The Complaint states claims for infringement of a federally registered trademark under Section 32 of the Lanham Act (15 U.S.C. § 1114); federal unfair competition under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); and unfair competition under California Business & Professions Code § 17200 *et seq*.

7.      This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a), in that this case arises under the federal trademark laws of the United States.  This Court has pendent and supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

8.      This Court has personal jurisdiction over Defendants because they have each committed one or more of the infringing acts complained of herein in California and in this district.  This Court has personal jurisdiction over MWC because it has committed one or more of the infringing acts complained of herein in California and in this district, it is registered to do business in this district, it has sold infringing products through one or more sales outlets in California and in this district, and/or on information and belief it does regular business in California and in this district.  This Court has personal jurisdiction because the causes of action brought herein against Defendants arise out of Defendants' contacts with the State of California.  This Court has personal jurisdiction over Defendants because, among other things, Defendants conduct business in the State of California and in this judicial district and thus enjoy the privileges and protections of

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

California law.

9.    Venue in this Court is proper at least under the provisions of 28 U.S.C. §§ 1391(b) and 1391(c) because a substantial part of the events giving rise to the claims arose in this District.

## CASTORO'S BUSINESS AND DEVELOPMENT
## OF THE DAM FINE MARKS

10.    This is an action for trademark infringement and unfair competition.

11.    Castoro is a well-known California-based winery founded in or about 1983 by Niels Udsen and Berit Udsen.

12.    Throughout the years, Castoro has produced and sold fine wines with distinctive trademarks, and through Castoro's promotional efforts, consumers have come to associate Castoro's fine wines and trademarks with Castoro and its predecessors-in-interest, the Udsens.  Two of these trademarks are DAM FINE and DAM FINE WINE (collectively, the "DAM FINE Word Marks"), which Castoro has used since at least as early as 1990 on its wine products and in association with the sales and marketing of its wine products.  This includes print and radio advertisements and social media posts.

13.    Castoro is the owner of all right and title in each of the DAM FINE Word Marks.

14.    One example of Castoro's use of DAM FINE and DAM FINE WINE is on a logo depicted below (the "DAM FINE WINE Design Mark," collectively with the DAM FINE Word Marks, the "DAM FINE Marks"), which is featured on some of its goods.



*Fig. 1. Castoro's DAM FINE WINE Design Mark*

4

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

15.    Castoro's DAM FINE Word Marks are displayed on the Castoro tasting room, as depicted in the figure below.



*Fig. 2 Castoro's Tasting Room*

16.    All of Castoro's wine products utilize the DAM FINE Word Marks, including a canned wine product Castoro released at least as early as August 2021.

*Fig. 3. Release Announcement for Castoro's Canned Wine Products on Social Media*

5

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

17.     Castoro has invested enormous time and resources in the DAM FINE Marks, including spending significant sums of money on advertising and marketing efforts.

18.     Castoro sells its wine products throughout the United States.  Consumers may purchase Castoro's products online through its website (https://Castorocellars.com/) and other online retailers, at its winery location, and in brick-and-mortar stores across the country, such as Vons.  Whether through its website or otherwise, Castoro generally makes millions in revenue per year from selling its wine and related merchandise bearing one or more of the DAM FINE Marks.

19.     Castoro's use of its DAM FINE Marks is not limited to wine products.  For instance, Castoro offers clothing apparel and accessories under the DAM FINE Marks.

20.     Through decades of use and promotion, the DAM FINE Word Marks as used by Castoro in relation to wine and related merchandise have acquired significant market strength and goodwill.  In addition to the uses already discussed, Castoro uses its DAM FINE Word Marks on its corks, bags, road signs, and within its own phone number (1-888-DAM-FINE).  Castoro's use of the DAM FINE Word Marks over time has caused them, prior to Defendants' infringing acts, to acquire distinctiveness and secondary meaning that have served to distinguish the mark in the minds of relevant consumers, as an indicator of the origin or source of products bearing or associated with them.

## CASTORO'S FEDERAL TRADEMARK REGISTRATIONS

21.     To protect its names and brands, Castoro and/or its predecessors-in-interest, the Udsens, have applied for and been awarded several federal trademark registrations.

22.     On May 8, 2002, the Udsens applied to register the DAM FINE WINE word mark with the United States Patent and Trademark Office ("USPTO") under U.S. TM App. No. 76/408817 (the "'817 Application").

23.     The USPTO never refused registration of the DAM FINE WINE mark as applied for in the '817 Application on descriptiveness grounds.

24.     The USPTO never refused registration of the DAM FINE WINE mark as applied for in the '817 Application on genericness grounds.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

25.     The '817 Application was published for opposition on November 19, 2002. No opposition was filed.

26.     The '817 Application proceeded to registration, and on February 11, 2003, the USPTO issued U.S. TM Reg. No. 2,686,404 for the mark DAM FINE WINE in International Class 25 covering "[a]pparel namely shirts and hats" and International Class 33 covering "[w]ine" (the "'404 Registration").  A true and complete copy of the '404 Registration is attached hereto and made a part of the Complaint as <u>Exhibit A</u>.

27.     On or about January 14, 2022, the Udsens filed with the USPTO a Declaration of Incontestability of a Mark under Section 15 for the '404 Registration.  A true and complete copy of this Declaration is attached hereto and made a part of the Complaint as <u>Exhibit B</u>.

28.     Also, on or about July 31, 2018, the Udsens applied to register the DAM FINE WINE Design Mark with the United States Patent and Trademark Office ("USPTO") under U.S. TM App. No. 88/059981 (the "'981 Application").

29.     The USPTO never refused registration of the DAM FINE WINE Design Mark as applied for in the '981 Application on descriptiveness grounds.

30.     The USPTO never refused registration of the DAM FINE WINE Design Mark as applied for in the '981 Application on genericness grounds.

31.     The '981 Application was published for opposition on February 12, 2019. No opposition was filed.

32.     On or about April 30, 2019, the USPTO issued U.S. TM Reg. No. 5,738,325 for the DAM FINE WINE Design Mark in International Class 33 covering "[w]ine" (the "'325 Registration").  A true and complete copy of the '325 Registration is attached hereto and made a part of the Complaint as <u>Exhibit C</u>.

33.     The Udsens have assigned all right, title to, and interest in, among other things, the '404 and '325 Registrations to Castoro.

34.     Castoro is the owner of all right and title in the DAM FINE Marks and the '404 and '325 Registrations, including the right to seek past damages.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

35.    The '404 and '325 Registrations, owned by Castoro, are live and enforceable.  The '404 Registration, owned by Castoro, is also incontestable under 15 U.S.C. § 1065.

36.    On or about March 9, 2022, Castoro applied to register the DAM FINE word mark in International Class 25 covering "[h]ats; [s]hirts" and International Class 33 covering "[w]ine" with the United States Patent and Trademark Office ("USPTO") under U.S. TM App. No. 97/304,067 (the "'067 Application").

37.    Irrespective of the '404 and '325 Registrations and the '067 Application, through its promotion and use of the DAM FINE Word Marks, the DAM FINE Word Marks have acquired distinctiveness and secondary meaning such that Castoro has acquired trademark rights in the phrases DAM FINE and DAM FINE WINE as used in conjunction with its wine products and merchandise.

**DEFENDANTS' INFRINGEMENT OF CASTORO'S**

**DAM FINE MARKS**

38.    Upon information and belief, Defendants began producing and selling canned wine products in or about 2020.  As of November 16, 2021, Defendants ship canned wine products nationwide.

39.    Upon information and belief, since at least October 2021, Defendants have used "Damn-Fine," "Damn-Fine Wine," "Damn-Fine Canned Wine," "damn fine canned wine," and similar phrases including the words "damn" and "fine" to promote its canned wine.

40.    For example, Defendants utilized the hashtag #damnfinewine on several social media posts throughout late 2021.

///

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

41.     FIG. 4 below shows Defendant's Instagram page as of March 28, 2022, which includes the phrase "Damn-Fine Canned Wine" next to its company name, "Maker."



*FIG. 4.  Screenshot of Maker's Instagram Page*

42.     FIG. 5 below shows Defendant's Twitter page as of March 28, 2022 using the slogan or catch-phrase "Damn-fine canned wine."



*FIG. 5.  Screenshot of Defendant's Twitter Page*

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

43.    FIG. 6 below shows a screenshot of Defendants' website once again utilizing the "Damn-Fine Canned Wine" slogan to sell its canned wine products.  This specific page can be found at:  https://www.makerwine.com/blog/maker-wine-national-shipping-launch/.



*FIG. 6.  Screenshot of Defendants' Website Using "Damn-Fine Canned Wine"*

44.    On information and belief, Defendants also sell wine products labeled with or promoted using the phrase "Damn-Fine Wine" or similar phrases through retailers across the country.

45.    Defendants use phrases including the words "damn" and "fine," such as "Damn-Fine Wine" and "Damn-Fine Canned Wine", in a trademark manner to promote their company, brand, and products.

*/ / /*

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

46.     On information and belief, third parties have begun to confuse Castoro's canned wine product with Defendants' canned wine products due to Defendants' use of marks and phrases including the words "damn" and "fine."  FIG. 7 below shows a January 5, 2022 Instagram post by Castoro that features its canned wine products using its DAM FINE Word Marks.  FIG. 7 also shows a consumer, in response to Castoro's post, commenting "I'm a fan of wine and the can, so versatile!  We love @makerwine."



*FIG. 7.  Castoro's January 5, 2022 Instagram Post*

47.     At least as early as late 2021, Castoro learned of Defendants' use of phrases including "damn" and "fine," such as "Damn-Fine Wine" and "Damn-Fine Canned Wine," and notified Defendants of Castoro's rights in its DAM FINE Marks.  At least as early as late 2021, Castoro demanded that Defendants cease use of "Damn-Fine Wine"

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

and "Damn-Fine Canned Wine" in the promotion and sale of Defendants' wine products. Defendants refused and continue to infringe on Castoro's DAM FINE Marks.

**COMPARISON OF CASTORO'S DAM FINE MARKS AND DEFENDANT'S USE OF DAMN-FINE WINE AND DAMN-FINE CANNED WINE**

48.    DAM FINE WINE and "Damn-Fine Wine" are identical but for, in the latter, an "n" at the end of "dam" and the hyphen between "damn" and "fine."

49.    DAM FINE WINE and "Damn-Fine Canned Wine" are identical but for, in the latter, an "n" at the end of "dam," the descriptive word "canned" between "fine" and "wine," and the hyphen between "damn" and "fine."

50.    Castoro's products are wine or associated with wine, including canned wine. Defendants sell canned wine.  Upon information and belief, Defendants' canned wine products is the same size and shape as Castoro's canned wine products.

51.    Castoro distributes, produces, and sells wine and products associated with wine using the DAM FINE Marks.

52.    By issuing the '404 Registration, the USPTO has recognized the DAM FINE WINE mark as being inherently distinctive for the goods listed in the '404 Registration, including, *inter alia*, wine.

53.    The mark DAM FINE WINE is inherently distinctive for the goods listed in the '404 Registration.

54.    The DAM FINE WINE Design Mark is inherently distinctive for the goods listed in the '325 Registration.

55.    The mark DAM FINE is inherently distinctive for the goods listed in the '067 Application.

56.    The '404 Registration is incontestable, as "incontestable" is defined in 15 U.S.C. § 1065.

57.    On information and belief, MWC has trademark counsel with which it confers regarding trademark issues.

58.    MWC have multiple pending United States trademark applications before

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

the USPTO.  Some examples of MWC's registrations and pending applications include:

    a.   "EVERY WINE HAS A STORY" (U.S. TM App. No. 97/302,986, filed on March 9, 2022)

    b.   "WINE SEALED DELIVERED" (U.S. TM App. No. 97/303,008, filed on March 9, 2022)

    c.   "MAKER" (U.S. TM App. No. 97/302,970, filed on March 9, 2022)

## HARM TO CASTORO AND UNJUST ENRICHMENT OF DEFENDANT

59.   As the owner of the DAM FINE Marks and the '404 and '325 Registrations, Castoro is authorized and has standing to bring legal action to enforce all rights arising under the DAM FINE Marks and the '404 and '325 Registrations.

60.   On information and belief, Defendants have encouraged, assisted, and participated in one or more of the infringing acts stated herein, thus infringing the DAM FINE Marks, all while knowing that such acts would be likely to cause confusion, mistake, and/or deception amongst relevant consumers.

61.   On information and belief, Defendants have been, and presently are, willfully infringing the DAM FINE Marks and the '404 and '325 Registrations by making, importing, distributing, and/or selling products using trademarks confusingly similar to the DAM FINE Marks.

62.   Defendants conduct is likely to cause confusion, mistake, and/or deception among the general purchasing public.

63.   Many consumers are likely to believe that Defendants' products advertised including the words "damn" and "fine," such as "Damn-Fine Wine" or "Damn-Fine Canned Wine," are authorized and/or endorsed by Castoro, or that Defendants' products are somehow associated with, affiliated with, and/or sponsored by Castoro.

64.   Defendants have begun to flood the national market with goods using and/or labeled with marks including the words "damn" and "fine," such as "Damn-Fine Wine" and/or "Damn-Fine Canned Wine."  Thus, many consumers are likely to believe that Castoro's products including one or more of the DAM FINE Marks are somehow

associated with, affiliated with, and/or sponsored by Defendants, when they are in fact not. Because of this, Castoro is losing and will continue to lose goodwill in the DAM FINE Marks, and is losing and will continue to lose the ability to control how its DAM FINE Marks are used.

65. Defendants' use of marks confusingly similar to the DAM FINE Marks is likely to blur the distinctiveness of Castoro's DAM FINE Marks.

66. Defendants' use of phrases including "damn" and "fine," such as the "Damn-Fine Wine" and "Damn-Fine Canned Wine" phrases, are likely to harm the ability of Castoro's DAM FINE Marks to serve as identifiers for Castoro's products.

67. If Defendants' conduct is not enjoined, it will continue to injure the value of the DAM FINE Marks and the '404 and '325 Registrations and interfere with the ability of the DAM FINE Marks to indicate goods emanating from a single source.

68. Defendants have profited and are profiting from such trademark infringement and unfair competition.

69. Defendants' acts as alleged above have caused and will continue to cause irreparable harm and injury to Castoro's reputation, identity, and ability to distinguish itself and its goods, all of it being harm and injury for which Castoro has no adequate remedy at law.

## FIRST CAUSE OF ACTION

### (Trademark Infringement; against all Defendants; 15 U.S.C. § 1114)

70. Castoro realleges and incorporates by reference the full text of all of the foregoing and subsequent numbered paragraphs, photographs, and figures as though each such paragraph, photograph, and figure has been fully set forth herein.

71. Castoro is the owner of the DAM FINE WINE word mark and the DAM FINE WINE Design Mark, in connection with, *inter alia*, wine products and related merchandise.

72. DAM FINE WINE in conjunction with "wine" and "apparel namely shirts and hats" is a trademark registered under Section 1(a) of the trademark laws of the United

States, 15 U.S.C. § 1051(a), as U.S. TM Reg. No. 2,686,404.

73.    The DAM FINE WINE Design Mark in conjunction with "wine" is a trademark registered under Section 1(a) of the trademark laws of the United States, 15 U.S.C. § 1051(a), as U.S. TM Reg. No. 5,738,325.

74.    Castoro is the owner of U.S. Trademark Registration Nos. 2,686,404 and 5,738,325.

75.    Castoro's DAM FINE WINE mark and DAM FINE WINE Design Mark are valuable, protectable marks.

76.    On information and belief, Defendants have directly or indirectly engaged in the marketing, distribution, offering for sale, and/or sale of wine products using phrases including "damn" and "fine," such as "Damn-Fine Wine" and/or "Damn-Fine Canned Wine."  Their actions as alleged in this paragraph have been undertaken through the use of interstate commerce.

77.    Castoro has not authorized Defendants to make use of phrases or marks including the words "damn" and "fine," such as "Damn-Fine Wine" and/or "Damn-Fine Canned Wine."

78.    On information and belief, Defendants' use of phrases and marks including the words "damn" and "fine" as alleged above is likely to cause confusion, mistake, and/or deception among consumers as to the source, quality, and nature of Defendants' goods.

79.    On information and belief, Defendants' use of phrases including "damn" and "fine," such as "Damn-Fine Wine" and/or "Damn-Fine Canned Wine" as alleged above, is likely to cause confusion, mistake, and/or deception among consumers as to the source, quality, and nature of plaintiff Castoro's goods.

80.    Defendants' use of phrases including "damn" and "fine", such as the "Damn-Fine Wine" and/or "Damn-Fine Canned Wine" phrases, constitutes federal trademark infringement of the '404 Registration under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

81.    On information and belief, Defendants' acts of infringement as alleged above have been willful, taken despite actual knowledge of Castoro's rights in the DAM FINE WINE word mark and DAM FINE WINE Design Mark and associated registrations, with the intent to cause, or with willful blindness as to whether they would cause, confusion, mistake, and/or deception among relevant consumers concerning Defendants' goods and services and injury to Plaintiff's reputation, goodwill, and sales.

82.    Under 15 U.S.C. § 1117, Castoro is entitled to recover the greater of its actual damages or Defendants' profits from their infringing acts, enhanced and multiplied up to three times, as well as Castoro's reasonable attorneys' fees.

83.    Under 15 U.S.C. § 1118, Castoro is also entitled to an order requiring destruction of all infringing goods and promotional materials in Defendants' possession or control.

84.    On information and belief, Defendants' conduct as alleged above has damaged and will continue to damage Castoro.

85.    On information and belief, as a result of their conduct as alleged above, Defendants have been unjustly enriched and have wrongfully profited.

86.    On information and belief, Defendants' conduct, unless preliminarily and then permanently enjoined, will cause irreparable harm to Castoro and to its goodwill and reputation, and to the goodwill and reputation of Castoro's DAM FINE WINE word mark and DAM FINE WINE Design Mark.

87.    On information and belief, unless restrained and enjoined by this Court, Defendants will continue to engage in their infringing conduct, customers are likely to continue to be deceived and/or mistaken as to the true source, quality, sponsorship, and affiliation of Defendants' goods and Castoro's goods, Castoro's reputation and goodwill will be harmed in ways difficult to monetarily quantify, adequately repair, and compensate, and a multiplicity of suits will be required.

/ / /

/ / /

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

## SECOND CAUSE OF ACTION

### (Federal Unfair Competition; against all Defendants; 15 U.S.C. § 1125(a))

88.     Castoro realleges and incorporates by reference the full text of all of the foregoing and subsequent numbered paragraphs, photographs, and figures as though each such paragraph, photograph, and figure has been fully set forth herein.

89.     On information and belief, on or in connection with wine products and related merchandise, Defendants have used words, terms, names, symbols, devices, or a combination of them, that falsely designated the origin of those goods, or conveyed false or misleading descriptions or representations of fact.

90.     On information and belief, Defendants' conduct as alleged above is likely to cause confusion, and/or to cause mistake, or to deceive as to the affiliation, connection, and/or association of Defendants with Castoro, or as to the origin, sponsorship, or approval of Defendants' goods. On information and belief, Defendants' conduct as alleged above, through commercial advertising and promotion, has misrepresented the nature, characteristics, qualities, or geographic origin of Defendants' goods.  Defendants' conduct constitutes infringement of each of the DAM FINE Marks.

91.     On information and belief, Defendants' conduct as alleged above is likely to cause confusion, and/or to cause mistake, or to deceive as to the affiliation, connection, and/or association of Castoro with Defendants, or as to the origin, sponsorship, or approval of Castoro's goods.

92.     On information and belief, Defendants' acts as alleged above constitute unfair competition through false descriptions, false designations, and false representations of origin in interstate commerce, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

93.     On information and belief, Defendants' acts of unfair competition have been willful, taken despite actual knowledge of Castoro's rights in the DAM FINE Marks, with the intent to cause, or with willful blindness as to whether they would cause, confusion, mistake, and/or deception among relevant consumers concerning Defendants'

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

goods, and injury to Castoro's reputation, goodwill, and sales.

94.    Under 15 U.S.C. § 1117, Castoro is entitled to recover the greater of its actual damages or Defendants' profits from their acts constituting false designation of origin and unfair competition, enhanced and multiplied up to three times, as well as Plaintiff's reasonable attorneys' fees.

95.    Under 15 U.S.C. § 1118, Castoro also is entitled to an order requiring destruction of all goods, containers and promotional materials in Defendants' possession or control bearing or connected to any false, misleading, deceptive or confusing words, terms, names, symbols, devices, or combination of them.

96.    On information and belief, Defendants' conduct as alleged above has damaged and will continue to damage Castoro.

97.    On information and belief, as a result of their conduct as alleged above, Defendants have been unjustly enriched and have wrongfully profited.

98.    On information and belief, Defendants' conduct, unless preliminarily and then permanently enjoined, will cause irreparable harm to Castoro and to its goodwill and reputation, and to the goodwill and reputation of Castoro's DAM FINE Marks.

99.    On information and belief, unless restrained and enjoined by this Court, Defendants will continue to engage in their infringing conduct, customers are likely to continue to be deceived and/or mistaken as to the true source, quality, sponsorship, and affiliation of Defendants' goods, Castoro's reputation and goodwill will be harmed in ways difficult to monetarily quantify, adequately repair, and compensate, and a multiplicity of suits will be required.

## THIRD CAUSE OF ACTION

### (California Unfair Competition; against all Defendants;
### Cal. Bus. & Prof. Code, §§ 17200 *et seq*.)

100.    Castoro realleges and incorporates by reference the full text of all of the foregoing and subsequent numbered paragraphs, photographs, and figures as though each such paragraph, photograph, and figure, has been fully set forth herein.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

101.   Castoro's DAM FINE Marks are inherently distinctive, strong marks.

102.   On information and belief, in addition to being inherently distinctive, Castoro's use of the DAM FINE Word Marks over time caused them, prior to Defendants' infringing acts, to acquire secondary meaning that served to distinguish the mark in the minds of relevant consumers, as an indicator of the origin or source of products bearing or associated with them.

103.   On information and belief, Defendants have used marks equivalent and substantially identical to Castoro's DAM FINE Marks on and in connection with wine products.

104.   On information and belief, Castoro and Defendants are business competitors.

105.   On information and belief, members of the relevant public are likely to identify Defendants' goods relating to wine as those from Castoro, or to believe or be confused as to whether Castoro has some connection with Defendants' goods.

106.   On information and belief, some members of the relevant public are likely to identify Castoro's goods relating to wine as those from Defendants, or to believe or be confused as to whether Defendants have some connection with Castoro's goods.

107.   On information and belief, Defendants' conduct as alleged above is unfair and unlawful under California law.

108.   On information and belief, as a result of Defendants' unfair practices, Castoro has lost profits and suffered additional harm to its reputation and goodwill, all in amounts to be proven at trial.

109.   On information and belief, as a result of Defendants' unfair practices, Defendants have unfairly acquired or retained revenues, in an amount to be proven at trial.  Castoro is entitled to an order that Defendants disgorge all such unfairly acquired money.

110.   On information and belief, Defendant's conduct, unless permanently enjoined, will cause irreparable harm to Castoro and to its goodwill and reputation.

111.   Defendants' conduct has caused, and will continue to cause, irreparable

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

harm to Castoro, harm for which Castoro has no adequate remedy at law. For those reasons, Castoro is entitled to preliminary and permanent injunctive relief to prevent further acts of unfair competition.

112.    On information and belief, Defendants' acts of unfair competition were undertaken with the intention of depriving Castoro of its legal rights, with malice, oppression, or fraud, in conscious disregard for those rights or willful blindness to the effect on those rights. Accordingly, Castoro is entitled to an award of exemplary damages according to proof.

113.    Also upon proof, Castoro is entitled to recover its costs, including attorneys' fees, under California Code Civil Procedure § 1021.5.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Castoro Cellars prays for relief as follows:

1.    That the Court enter judgment that Defendants have infringed Castoro's DAM FINE WINE mark and DAM FINE WINE Design Mark in violation of 15 U.S.C. § 1114; have used false designations of origin, false descriptions, and false representations in violation of 15 U.S.C. § 1125(a); and have committed acts constituting trademark infringement of each of the DAM FINE Marks and unfair competition, in violation of federal and California law;

2.    That the Court preliminarily and then permanently enjoin Defendants, and all of their officers, directors, agents, servants, employees and attorneys, and all other persons acting directly or indirectly in concert with Defendants, from using in commerce, in connection with the advertising, marketing, distribution, sale or offering for sale of any wine, or related goods and services, the trademarks DAM FINE and DAM FINE WINE or any other confusingly similar mark and/or designation including but not limited to enjoining Defendants' use of "Damn-Fine Wine," "Damn-Fine Canned Wine," or "Damn Fine Wine," or from otherwise infringing upon and/or diluting Castoro's trademarks; from using in commerce a domain name, web site or metatags incorporating the  DAM FINE Marks or any other confusingly similar mark and/or designation; from unfairly

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

competing with Plaintiff; from engaging in acts of false advertising; and from engaging in any other acts that tend to damage the value of Castoro's DAM FINE Marks, trade name, business reputation, and goodwill;

3.    That the Court order Defendants to surrender for destruction all products, containers, labels, advertisements, promotional materials, and other materials constituting an infringement of Castoro's trademarks or the means by which such infringement is facilitated;

4.    That the Court award Castoro its damages according to proof;

5.    That the Court disgorge profits from Defendants' sales of infringing products;

6.    That the Court increase and enhance by three times any award of damages and/or profits based on Defendants' willfulness;

7.    That the Court award punitive or exemplary damages for Defendants' acts of unfair competition pursuant to California law;

8.    That the Court award Castoro its costs, including attorneys' fees, under California Code Civil Procedure § 1021.5;

9.    That the Court deem this to be an exceptional case as defined by 15 U.S.C. § 1117(a);

10.    That the Court award Castoro its reasonable attorneys' fees and costs of suit;

11.    That the Court award pre-judgment interest on all amounts claimed as permitted by law; and

///

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

12. That the Court award Castoro such further relief as the Court deems just and proper.


DATED: April 1, 2022                   Respectfully submitted,

                                       FERGUSON CASE ORR PATERSON LLP


                           By:     /s/ Jaye G. Heybl

                                   JAYE G. HEYBL
                                   COREY A. DONALDSON
                                   JESSICA M. WAN
                                   Attorneys for Plaintiff CASTORO CELLARS

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule 38-1, Plaintiff CASTORO CELLARS hereby demands a trial by jury of any and all issues triable of right by a jury pursuant to the Seventh Amendment to the United States Constitution or as given by a statute of the United States.


DATED: April 1, 2022                    Respectfully submitted,

                                        FERGUSON CASE ORR PATERSON LLP



                              By:    /s/ Jaye G. Heybl

                                     JAYE G. HEYBL
                                     COREY A. DONALDSON
                                     JESSICA M. WAN
                                     Attorneys for Plaintiff CASTORO CELLARS

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL